**The below described is SIGNED.**

**Dated: September 30, 2010**

*/s/ R. Kimball Mosier*
_____
**R. KIMBALL MOSIER**
**U.S. Bankruptcy Judge**



_____

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re: | |
| RILEY CARROLL and JENNIFER CARROLL, | Bankruptcy Number 10-20642 |
| | Chapter 13 |
| Debtors. | |
| RILEY CARROLL and JENNIFER CARROLL, | |
| | Adversary Proceeding No. 10-02259 |
| Plaintiffs, | |
| v. | Judge R. Kimball Mosier |
| KEY BANK AND JOHN DOES 1-3, | |
| Defendants. | |

**MEMORANDUM DECISION ON PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT KEY BANK**

The matter before the Court is motion of Riley and Jennifer Carroll (Plaintiffs) for default judgment against defendant Key Bank. The Plaintiffs seek a court order pursuant to 11 U.S.C.

§ 506(a)[1] determining the value of Key Bank's interest in the Plaintiffs' real property is zero and therefore, Key Bank has no secured claim. The Plaintiffs also seek an order from this Court pursuant to § 506(d) removing and voiding Key Bank's lien against the Plaintiffs' property. For the reasons set forth in this Memorandum, the Court will enter a default judgment against Key Bank pursuant to § 506(a), determining that Key Bank has no secured claim and deny Plaintiffs' motion for default judgment removing or voiding Key Bank's lien against the Plaintiffs' property through § 506(d).

**Jurisdiction**

This Court has jurisdiction under 28 U.S.C. §§ 1334 and 157(a), and venue is appropriate under 28 U.S.C. §§ 1408 and 1409. This is a "Core" proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (E), (H), and (O) and the Court may enter a final order.

**Factual Background**

The undisputed facts are set forth in the Plaintiffs' complaint. Plaintiffs borrowed money from the following financial institutions and have pledged real estate for each of the following loans:

• CitiMortgage, Inc. filed a Deed of Trust on January 22, 2007, in the office of the Salt Lake County Recorder at Entry 9979187 in Book 9411 at Pages 6848-6863. The present balance on the CitiMortgage loan is $171,382.83.

• Citibank, NA. filed a Deed of Trust on March 21, 2007, in the office of the Salt Lake County Recorder in Book 9437. The present balance on the Citibank loan is $42,599.04.

---

[1] All future section and chapter references are contained in Title 11 unless otherwise specified.

2

- Key Bank filed a Deed of Trust on May 21, 2007, in the office of the Salt Lake County Recorder at Entry 10243400 in Book 9523 at Page 6355. The present balance on the Key Bank loan is $21,635.98.[2]

The real property pledged for each of the foregoing loans is Plaintiffs' principal residence (Residence) located at 7952 Palladium Drive, West Jordan, Utah 84088 and more fully described as

> LOT 318, BROADMOOR ESTATES PLAT 5, ACCORDING TO THE
> RECORDS OF SALT LAKE COUNTY, UTAH.
> Tax Id. No 21-32-203-008-0000.[3]

Plaintiffs believe the maximum fair market value of the Residence and improvements is no more than $180,000.00. The value is based on an appraisal dated February 2, 2010.[4] The fair market value of the Residence is less than the total owed on the 1st and 2nd mortgages. There is no equity after deducting the 1st mortgage of CitiMortgage, Inc. and the 2nd mortgage of Citibank, NA, from the value of the Residence and the loan with Key Bank is completely unsecured.

## Discussion

A default judgment can be granted if a party fails to defend an action.[5] Judicial preference, however, is to resolve cases on their merits rather than by default.[6] Even if a default

---

[2] Compl. Ex. A, Dkt. #1; Exs. B–C, Dkt. #2.

[3] Compl. ¶ 13.

[4] Compl. Ex. D, Dkt. #2

[5] *See* Fed. R. Bankr. P. 7055; Fed. R. Civ. P. 55.

[6] *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970) (citation omitted).

3

is entered, a court must "consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law."[7]

Plaintiffs ask this Court, pursuant to § 506(a), to determine that the value of Key Banks's interest in the Residence is zero and, therefore, that Key Bank has no secured claim. Section 506(a) permits this Court to determine the amount of Key Bank's secured claim and unsecured claim. Based upon the undisputed allegations in the complaint, the Court determines that Key Bank has no secured claim in this case.

Plaintiffs also seek an order of this Court, under § 506(d), annulling and voiding Key Bank's lien against the Residence. The United States Supreme Court has held that § 506(d) does not allow a debtor to strip down a creditor's lien if the creditor has a claim that is allowed pursuant to § 502.[8] Plaintiffs argue that the Supreme Court holding is limited to chapter 7 debtors because in the *Dewsnup* opinion the Court stated "we therefore focus upon the case before us and allow other facts to await their legal resolution on another day."[9]

Although the Supreme Court focused on the case before it, its analysis of § 506(a) and (d) and its holding are clearly applicable in chapter 13 cases. In *Dewsnup*, the Supreme Court summarized the competing approaches being argued to and considered by the Court.

> As we read their several submissions, the parties and their *amici* are not in agreement in their respective approaches to the problem of statutory interpretation that confronts us. Petitioner-debtor takes the position that §§ 506(a) and 506(d) are complementary and to be read together. Because, under § 506(a), a claim is secured only to the extent of the judicially determined value of the

---

[7] *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) (citation omitted).

[8] *Dewsnup v. Timm*, 502 U.S. 410 (1992).

[9] *Id.* at 416

4

> real property on which the lien is fixed, a debtor can void a lien on the property pursuant to § 506(d) to the extent the claim is no longer secured and thus is not "an allowed secured claim." In other words, § 506(a) bifurcates classes of claims allowed under § 502 into secured claims and unsecured claims; any portion of an allowed claim deemed to be unsecured under § 506(a) is not an "allowed secured claim" within the lien-voiding scope of § 506(d).[10]

The respondents asserted two alternative interpretations:

> Respondents primarily assert that § 506(d) is not, as petitioner would have it, "rigidly tied" to 506(a). They argue that § 506(a) performs the function of classifying claims by true secured status at the time of distribution of the estate to ensure fairness to unsecured claimants. In contrast, the lien-voiding § 506(d) is directed to the time at which foreclosure is to take place, and, where the trustee has abandoned the property, no bankruptcy distributional purpose is served by voiding the lien.
>
> In the alternative, respondents, joined by the United States as *amicus curiae,* argue more broadly that the words "allowed secured claim" in § 506(d) need not be read as an indivisible term of art defined by reference to § 506(a), which by its terms is not a definitional provision. Rather, the words should be read term-by-term to refer to any claim that is, first, allowed, and, second, secured. Because there is no question that the claim at issue here has been "allowed" pursuant to § 502 of the Code and is secured by a lien with recourse to the underlying collateral, it does not come within the scope of § 506(d), which voids only liens corresponding to claims that have *not* been allowed and secured. This reading of § 506(d), according to respondents and the United States, gives the provision the simple and sensible function of voiding a lien whenever a claim secured by the lien itself has not been allowed. It ensures that the Code's determination not to allow the underlying claim against the debtor personally is given full effect by preventing its assertion against the debtor's property.[11]

---

[10] *Id.* at 414–15.

[11] *Id.* at 415–16 (internal citation omitted).

The Supreme Court adopted the respondent's alternative position espoused also by the United States.

> We conclude that respondents' alternative position, espoused also by the United States, although not without its difficulty, generally is the better of the several approaches. Therefore, we hold that § 506(d) does not allow petitioner to "strip down" respondents' lien, because respondents' claim is secured by a lien and has been fully allowed pursuant to § 502. Were we writing on a clean slate, we might be inclined to agree with petitioner that the words "allowed secured claim" must take the same meaning in § 506(d) as in § 506(a). But, given the ambiguity in the text, we are not convinced that Congress intended to depart from the pre-Code rule that liens pass through bankruptcy unaffected.[12]

The Supreme Court further stated:

> We think, however, that the creditor's lien stays with the real property until the foreclosure. That is what was bargained for by the mortgagor and the mortgagee. The voidness language sensibly applies only to the security aspect of the lien and then only to the real deficiency in the security.[13]

The plaintiffs' position in this case is the position articulated by the petitioner-debtor in *Dewsnup*. Although the Supreme Court focused on the case before it, the analysis set forth in the majority opinion as well as the analysis set forth in the dissent clearly applies to chapter 13 cases as well as chapter 7 cases.[14] Because § 506(d) does not allow a debtor to "strip down" a creditor's lien if the creditor has a claim that is allowed pursuant to § 502, a debtor may not "strip off" a creditor's lien if the creditor has a claim that is allowed pursuant to § 502. In this

---

[12] *Id.* at 417 (internal citation omitted).

[13] *Id.*

[14] To the extent the holding in *Dewsnup* might be considered dicta with respect to a case under chapter 13, this Court is bound by Supreme Court dicta almost as though it were the Court's outright holding. *In re Troff*, 488 F.3d 1237, 1241 (10th Cir. 2007).

case, because, as Plaintiffs acknowledge, Key Bank has an allowed claim under § 502, section 506(d) does not allow plaintiff in this case to "strip off" Key Bank's lien from the Residence.[15]

---------------------------------------------END OF DOCUMENT--------------------------------

---

[15] This opinion is limited to Plaintiffs' ability to void a secured creditors lien pursuant to § 506(d) and does not opine on the availability of other Bankruptcy Code sections to effect a modification of a wholly unsecured creditor's lien.

_____ooo0ooo_____

## SERVICE LIST

Service of the foregoing **Memorandum Decision on Plaintiff's Motion for Default Judgment Against Defendant Key Bank** will be effected through the Bankruptcy Noticing Center to the following parties.

David M. Cook
716 East 4500 South, Suite N240
Salt Lake City, UT 84107

Riley Carroll
Jennifer Carroll
7952 Palladium Drive
West Jordan, UT 84088

Kevin R. Anderson
Chapter 13 Trustee
405 South Main Street, Suite 600
Salt Lake City, UT 84111

Key Bank
c/o Weltman, Weinburg & Reis, Co., LPA
323 West Lakeside Ave., 2nd Fl
Cleveland, OH 44113

Key Bank
Jill M. Taylor, District
President
15 W. South Temple,
Salt Lake City, UT 84101